IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ISRAEL ISAIAH NICHOLAS, | ) | CIVIL NO. 11-00005 LEK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ALL-STATE SECURITY, LLC, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

Pro se plaintiff Israel Isaiah Nicholas ("Plaintiff") filed his Complaint and an application to proceed *in forma pauperis* ("Application") on January 4, 2011. Also on January 4, 2011, Chief United States District Judge Susan Oki Mollway issued an order setting the Rule 16 Scheduling Conference for April 4, 2011 before the magistrate judge.

This Court filed an order denying Plaintiff's Application on January 13, 2011. The Court ordered Plaintiff to either pay the required filing fee or file an amended application by no later than February 14, 2011. [Dkt. no. 4.] Plaintiff filed another application to proceed *in forma pauperis* ("Amended Application") on January 19, 2011. [Dkt. no. 5.] On January 24, 2011, this Court filed an order denying Plaintiff's Amended Application ("1/24/11 Order"). [Dkt. no. 6.] This Court ordered Plaintiff to pay the required filing fee by February 24, 2011. The Court cautioned Plaintiff that, if he failed to pay the

filing fee by February 24, 2011, his case "may be automatically dismissed." [Id. at 4.]

As of the date of this order, Plaintiff has not paid the required filing fee. Further, Plaintiff failed to appear at the April 4, 2011 Rule 16 Scheduling Conference. [Minutes, filed 4/4/11 (dkt. no. 7).]

This Court may dismiss Plaintiff's action based on his failure to pay the required filing fee. See In re Perroton, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of pro se litigant's appeal to the Bankruptcy Appellate Panel for failure to pay required filing fee); see also Hamrick v. Fukino, No. CV 08-00544 ACK-KSC, 2009 WL 1404535, at *2 (D. Hawai`i May 20, 2009) (citing Perroton and Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), for the proposition that the plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis* were sufficient grounds to recommend dismissal of the action). Plaintiff also failed to appear at the scheduling conference, and Plaintiff's failure to pay the filing fee is also a violation of the 1/24/11 Order. This Court may therefore dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 16(f)(1), which states, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>     (A) fails to appear at a scheduling or other pretrial conference;
>     . . . .

(C) fails to obey a scheduling or other pretrial order.

After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendant apparently has not yet been served and will not be prejudiced by dismissal, and there are no less drastic alternatives available at this time.

On the basis of the foregoing, Plaintiff's Complaint is HEREBY DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 5, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ISRAEL ISAIAH NICHOLAS V. ALL-STATE SECURITY, LLC; CIVIL NO. 11-00005 LEK-KSC; ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).